IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JACOB KLEIMAN**, | Case No. 3:24-cv-00327-IM |
| Plaintiff, | **ORDER GRANTING IN PART MOTION FOR RECONSIDERATION** |
| v. | |
| **OREGON HEALTH & SCIENCE UNIVERSITY**, | |
| Defendant. | |

**IMMERGUT, District Judge.**

Plaintiff moves for reconsideration, ECF 35, of this Court's order granting in part and denying in part Plaintiff's motion to compel discovery responses, ECF 32. This Court first clarifies that the operative complaint in this action is presently the original complaint, ECF 1. Considering the allegations in the proposed *amended* complaint, this Court finds that medical photos or documentation from the three clinical skills assessments that Plaintiff did not pass are relevant to the breach of contract claim, but that additional medical records, including the medical records of patients treated by other residents, are not relevant.

PAGE 1 – ORDER

**A. Operative Complaint**

Plaintiff argues that this Court erred by relying on the original complaint filed in this action, ECF 1, and not an amended complaint that Plaintiff filed in state court. Motion for Reconsideration ("Mot."), ECF 35 at 3. The Court did not consider the amended complaint, ECF 4, in ruling on the Motion to Compel because the original Complaint, ECF 1, is still the operative complaint in this action.

"As a general matter, state procedural rules govern state lawsuits until they are removed to federal court." *Prazak v. Local 1 Int'l Union of Bricklayers*, 233 F.3d 1149, 1152 (9th Cir. 2000). Under Oregon law, an amended complaint "do[es] not become operative until served."[1] *Portland Gen. Elec. Co. v. Ebasco Servs., Inc.*, 263 Or. App. 53, 70 (2014); *Bogart v. Shriners Hosps. for Child.*, No. 3:20-cv-02023-BR, 2021 WL 2715975, at *3–4 (D. Or. 2021). Plaintiff filed the original complaint on December 15, 2023, and served it on the Defendant on January 24, 2024. Plaintiff then filed an amended complaint in state court on February 20, 2024. Defendant removed the original complaint to federal court on February 21,[2] and Plaintiff served the amended complaint on February 22. At that time, the original complaint had been removed, so there was nothing to be superseded in the state court.

---

[1] Most courts in the Ninth Circuit have adopted a similar rule. *See Bogart*, 2021 WL 2715975, at *4; *Doe v. Unocal Corp.*, 27 F. Supp. 2d 1174, 1180 (C.D. Cal. 1998); *see also Anunciation v. W. Capital Fin. Servs. Corp.*, 97 F.3d 1458 (9th Cir. 1996) (table op.). Notably, however, some jurisdictions have an effective-on-filing rule, where the original complaint is superseded once the amended complaint is filed, not when it is served. *See, e.g.*, *State Compensation Ins. Fund v. Superior Court*, 109 Cal. Rptr. 3d 88, 93 (Ct. App. 2010).

[2] Defendant filed a notice of removal in this Court, ECF 1, and filed a notice of removal in the state court the same day, ECF 4 ¶ 1. The former gave this Court jurisdiction, while the latter "divests the state court of jurisdiction." *Miller v. Aqua Glass, Inc.*, No. 07-3088-CL, 2008 WL 2854125, at *2 (D. Or. July 21, 2008). Defendant also gave notice to Plaintiff on February 21. *See* Declaration of Katherine Bennett, ECF 39-1, Ex. A.

The deadline to amend the pleadings has passed. Defendant, however, states that it has been treating the amended complaint filed in state court as the operative complaint. Response to Motion for Reconsideration ("Resp."), ECF 38 at 2. Because it appears that an amendment at this point will not prejudice Defendant, this Court will grant Plaintiff leave to file the complaint at ECF 4 as a First Amended Complaint in this action.

**B.  Breach of Contract**

For efficiency's sake, the Court will address the substance of Plaintiff's motion under the amended complaint. Plaintiff argues that the medical records he seeks are relevant to the claims for breach of contract and negligence asserted in the amended complaint. Plaintiff contends that Defendant's policies created a contractual relationship between the parties, and that one term of this contract was an implied promise that "Plaintiff would receive proper training and fair evaluations." Mot., ECF 35 at 4. Plaintiff characterizes this promise as requiring "that ALL evaluations must be fair, correct/not flawed, and consistent with the program's standards." *Id.*

In resolving this motion, this Court will assume without deciding that a contractual relationship existed between the parties and that this relationship included a right to non-arbitrary assessment. The Court finds that records underlying the three Clinical Skills Assessments—crown lengthening, osseous surgery, and surgical extraction and ridge preservation—that formed part of the basis for Plaintiff's dismissal are potentially relevant to this claim. The Court accordingly grants the motion as to those records and will order their production. These documents should be labeled as confidential pursuant to the protective order in this case, ECF 24, and names, addresses, and other identifying information should be redacted.

The Court emphasizes that this order is narrow and relates only to photos and other documentation from the three Clinical Skills Assessments. The Court is not ordering production of all medical records of all patients treated by Plaintiff, much less records of patients treated by

PAGE 3 – ORDER

other residents.[3] Plaintiff presents his state law claims as based on a contractual promise "to provide an objective assessment of Plaintiff's academic and clinical performance." Mot., ECF 35 at 5. While the records underlying the Clinical Skills Assessments are likely relevant to those claims, more expansive production would be disproportionate to the needs of the case.

**IT IS SO ORDERED.**

DATED this 6th day of January, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[3] This Court specifically finds that, in context, Dr. Katancik's reference to needing to review records does not provide a basis for discovering medical records. Dr. Katancik was asked whether "residents who have made significant clinical errors" had been permitted to continue teaching and performing surgeries "without restrictions." Deposition of Dr. James Katancik, ECF 37-1, at 2. Restrictions imposed on other residents would presumably be included in their academic records, not in the medical records of their patients.

PAGE 4 – ORDER